JOHN WILDS, plaintiff in error, v. ELIZABETH GREEN, defendant.

High Court of Errors and Appeals.    June 13, 1817.

*Ridgely's Notebook I, 42.*

---

On June 13, [by] CHANCELLOR RIDGELY. The assignment of errors in this cause, in relation to the record, is similar to the errors assigned in the case of *Wilds v. William Green,* and therefore the observations made on that occasion apply here and need not be repeated. The variance between the writ and the record is the only material matter for consideration.

And if that variance were brought properly before the Court, it would be fatal. As, in error in trespass the writ was *quare clausum fregit;* the count was *clausa fregit;* for this variance the judgment was reversed. Cro.Eliz. 185; though this case seems to be doubted, the word *clausum* being *nomen aggregativum* and *may contain many closes. Sty.* 109. *See "System of Pleading,"* or Doct.Pl. 41, 505. So the plaintiff demanded in the writ of £166.13.4 [and] in the declaration £171.10; this was a fatal variance, and judgment was reversed. Cro.Eliz. 198. So, action on the case that defendant had exalted his yard and made a ditch, whereby he conveyed filth etc., after verdict it was moved in arrest of judgment that the writ varied from the declaration. The writ was for raising the yard; the declaration for raising the yard and making a gutter. This was a fatal variance not aided by 18 Eliz., c. 14, which helps only where there is no writ, not where the writ and declaration vary in substance. Cro.Eliz. 82. (See Cowp. 178; 1 Term 235, 656 as to variance, though not directly in point in this cause.)

But to have the benefit of this variance, the defendant below should have craved *oyer* of the writ and spread it upon the record. 2 Salk. 658.

In replevin, the declaration for taking *averiarium ipsius.* Exception was taken that *averiarium* was nonsense. Holt, C. J., if the original had been *averiarium,* it had been naught. This is only a recital of the original, and the court will not judge upon a recital; but the way to take advantage is to crave *oyer,* for this recital is only a short intimation to the court of what kind the plea is. Powell, J., if this case had been by error out of the Common Pleas, in which case the plaintiff could not have taken advantage of this fault by *oyer,* then he must have alleged diminution and prayed a *certiorari;* and if the original returned had been so, the court would have reversed the judgment. 2 Salk. 701. (NOTE. Not in a court of error.) So, in 2 Wils. 85, defendant pleaded a variance between the writ and declaration without craving *oyer* of the writ. Plaintiff demurred. Held that the defendant should answer over, agreeably to the case of *Bragg v. Digby,* 2 Salk. 658, which is in point.

Formerly when the whole original writ was spread in the same roll with the count thereupon, if a variance appeared between the writ and count, the defendant might have taken advantage thereof by motion in arrest of judgment, or by writ of error, plea in abatement, or demurrer. 2 Wils. 394. 5 Com.Dig. 327. 2 Lut. 1181. But afterwards it was determined that if defendant will take advantage of a variance between the writ and the count, he must demand *oyer* of the writ and show it to the court. 4 Mod. 248, 2 Salk. 658, 701. 6 Mod. 303. And in replevin for cattle, count for a grey horse, demurrer for variance, judgment for plaintiff. Parker, C. J., cited Salk. 701, and the court held that defendant cannot take advantage of a variance between the writ and count without craving *oyer* of the writ. And in 1 Str. 225, it was determined that a judgment could not be reversed by a recital of writ, but that the very process itself should be brought before the court. According to these authorities, the plaintiff in error ought, in the court below, to have demanded *oyer* of this writ and then to have taken advantage of the variance, after having spread on the record the writ and shown that the count did not correspond with the writ. But this has not been done; and although in our loose way the writ and count are sent up to this court upon writ of error, yet this is the act of the clerk below and is not the act of the party,—that is, the party has not put the writ on the record and pointed out the variance or inconsistence of these two proceedings. Although our records are so loosely kept, yet it has always been deemed that the common technical rules apply to pleadings where pleadings are required to be in form, and therefore the plaintiff in error should have taken advantage on *oyer* of this error.

But we observe that a *praecipe* is annexed to this record by which the clerk was ordered to issue the writ to answer to Elizabeth Green. When I examined, some time ago, this record, that *praecipe* was not annexed to the writ, and my opinion is made in the case as if it were not there.

I think that the judgment should be affirmed.

JOHNS, C. J., and COOPER and DAVIS, JJ. of the Supreme Court, concurred.

Judgment affirmed.